UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ABDULLAH MUHAMMED,
    Plaintiff,

v.                                                            Case No.: 3:25cv229/TKW/ZCB

CORPORATION SERVICE
COMPANY,
    Defendant.
                                              /

## **REPORT AND RECOMMENDATION**

Plaintiff commenced this action by filing a *pro se* complaint. (Doc. 1). The complaint names Corporation Service Company as the sole Defendant. The complaint appears to allege that Defendant breached a contract with Plaintiff. (*Id.* at 6; Doc. 1-1 at 1-2). On March 21, 2025, the Court ordered Plaintiff to show cause, within fourteen days, as to why his case should not be dismissed for lack of subject matter jurisdiction. (Doc. 7). That deadline has expired, and Plaintiff has not responded.

Federal courts are courts of limited jurisdiction. *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction

1

is based upon either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction exists when an action arises under federal law. 28 U.S.C. § 1331. Actions arise under federal law "when a federal question is presented on the face of" the well-pleaded complaint, such as when federal law creates the cause of action that entitles the plaintiff to relief. *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001). Claims based on state law generally do not confer federal question jurisdiction. *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

A second way to invoke federal subject matter jurisdiction is through diversity jurisdiction. Diversity jurisdiction exists when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

The burden to establish federal subject matter jurisdiction rests on the party asserting it. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). Before dismissing a case for lack of subject matter jurisdiction, the court should provide the plaintiff with notice and an opportunity to respond. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

Having reviewed Plaintiff's complaint, it provides no basis for federal subject matter jurisdiction. Instead, he raises a state law breach of contract claim that arises out of a secured transaction with Defendant. (*See* Doc. 1 at 6-7; Doc. 1-1 at 1). It appears Plaintiff filed his case in federal court because of the "Bill of Rights, specifically the Right to remain secure in our Persons, Papers" and the "Transfer of Property Act, The Federal Reserve Act, and The Bills of Exchange Act." (Doc. 1 at 4). But such vague and conclusory statements are insufficient to confer federal question jurisdiction over this case.[1]

Plaintiff also fails to establish complete diversity as required for diversity jurisdiction. Plaintiff lists a Florida address for himself, and he states that Defendant is a business registered in Florida and with a Florida address. (Doc. 1 at 2, 5; Doc. 1-1 at 1). Thus, he has not met the jurisdictional requirements set forth in 28 U.S.C. § 1332.

---

[1] Plaintiff has cited some provisions of federal law (Doc. 1 at 4), but those provisions appear to deal with the liability of state and federal officers (rather than private parties) for certain violations of federal law. Additionally, the vague references to a "Transfer of Property Act, The Federal Reserve Act, and The Bills of Exchange Act" have no apparent relevance here. Rather, as Plaintiff himself states in the complaint, this is a claim "for breach of contract" against a private party. (Doc. 1 at 6).

Before recommending dismissal for lack of subject matter jurisdiction, the Court provided Plaintiff with notice and an opportunity to respond by way of the show cause order. Plaintiff, however, has failed to respond.

Accordingly, because federal subject matter jurisdiction is not present, this case should be dismissed. *See Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (cleaned up).

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 7th day of April 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## **Notice To The Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.